# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:15cr299 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| KEVIN L. REESE, | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is Defendant Kevin L. Reese's motion to dismiss the indictment with prejudice based upon an alleged violation of the Speedy Trial Act. (Doc. 113). The matter has been fully briefed and is ripe for disposition.

**Background**

On December 15, 2015, Defendant Reese was convicted of six counts of wire fraud and six counts of aggravated identity theft related to his work as an office manager at Sheehan Pipe Line and Construction Company. (Doc. 1). The indictment alleged that, between 2014 and 2015, the defendant cut false checks on Sheehan's behalf to other employees and then cashed them for his own benefit. (Id.)

On November 10, 2016, we held a pre-trial conference, which both parties, including the government and the defendant's attorney, Joseph D'Andrea,

attended. (Doc. 29). This conference opened with the following colloquy concerning the date of Defendant Reese's trial:

> THE COURT: So I'm setting the trial - - and I apologize for this, because I can't try the case until February, February 22nd.
>
> MR. D'ANDREA: February 22nd will work for me. I'm just really bad in December and January myself. February opens up.

(Doc. 111). As this interaction indicates, defense counsel not only agreed to the extension, but he also affirmed that February is the earliest that he could attend trial. The government also acquiesced by remaining silent without any objections. We subsequently entered an order rescheduling the defendant's trial from December 5, 2016 to February 22, 2017. (Docs. 29, 34).

On the eve of trial, the defendant filed a motion to dismiss based on a violation of the 70-day time limit under the Speedy Trial Act. (Doc. 47). On the first day of trial, we entered an oral order denying the defendant's motion to dismiss. (Doc. 50). After a three-day trial, the jury returned a verdict finding the defendant guilty on all twelve counts charged in the indictment. (Doc. 55). We sentenced the defendant to 70 months' imprisonment, restitution, and three years of supervised release. (Doc. 88). The defendant appealed. (Doc. 89).

On appeal, the Third Circuit had to decide whether the court erred as a matter of law in denying the speedy trial motion because of the court's November

2016 continuance where the 70-day clock had expired before the defendant was brought to trial. United States v. Reese, 917 F.3d 179 (3d Cir. 2019). Holding that this continuance violated the speedy trial act, the Third Circuit vacated the defendant's conviction and remanded the case to us to dismiss the defendant's indictment. Id. at 185. Now, we must decide whether to dismiss the case with or without prejudice, which brings this case to its current posture.

**Discussion**

The Speedy Trial Act provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

If a defendant is not brought to trial within this time period, "the information or indictment shall be dismissed on motion of the defendant. The defendant ... [has] the burden of proof supporting such motion but the Government ... [has] the burden of going forward with the evidence in connection with any exclusion of time ..." 18 U.S.C. § 3162(a)(2). If the court finds that the defendant's Speedy

Trial rights were in fact violated, it then must decide whether to dismiss the case with or without prejudice. Id.

In the instant case, the Third Circuit Court of Appeals has ruled that the defendant's Speedy Trial rights have been violated and his indictment should be dismissed. The sole issue for us to determine is whether such dismissal will be with or without prejudice. The Speedy Trial Act provides three factors for us to consider when determining whether dismissal should be with or without prejudice. The factors are: "[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; [3] and the impact of a re-prosecution on the administration of this chapter and the administration of justice." See 18 U.S.C. § 3162(a)(2); see also United States v. Taylor, 487 U.S. 326, 336 (1998). We will discuss each factor in turn.

**I.     Seriousness of the Offense**

The first factor for us to consider is the seriousness of the offense. The government argues that the defendant's actions are sufficiently serious to warrant dismissing the case without prejudice. The government cites to over $160,000 of alleged damages to current and former employees, and over $140,000 of alleged losses to Sheehan as a result of the defendant's actions. We find these assertions to be unfounded.

The seriousness of the offense "refers only to [those] charged in the

4

indictment." United States v. Becerra, 435 F.3d 931, 936 (8th Cir. 2006); see also United States v. Koerber, 813 F.3d 1262, 1275 (10th Cir. 2016). This factor does not refer to offenses that the government failed to charge. Typically, in order for a non-violent, non-drug, fraud related charge to be considered serious, it involves extraordinarily large amounts of money. See, e.g., Koerber, 813 F.3d at 1267-68, 1274-75 (10th Cir. 2016) (a Ponzi scheme worth more than $50,000,000 loss to investors determined to be a serious crime); United States v. Montecalvo, 861 F. Supp. 2d 110, 115-16 (E.D.N.Y. 2012) (holding that fraud related charges involving $2.3 million were not sufficiently serious to warrant dismissal without prejudice where "the crime was non-violent in nature" and the government violated the Speedy Trial Act).

Here, the indictment alleges that the defendant forged six checks worth $16,047.54, a non-violent crime. (Doc. 1). Nowhere in the indictment does the government mention the $160,000 or $140,000 measurement of damages. As a result, we cannot consider these assertions in determining the seriousness of the charges. Because the defendant's non-violent, fraud related charges involved only $16,047.54, the offense is not sufficiently serious to warrant dismissal without prejudice.

The government also argues that because the defendant is subjected to a 32-year statutory maximum sentence, the charge is inherently serious. We

5

disagree.  A court may measure the seriousness of a charge by observing the sentencing guidelines for the offense.  United States v. Ferris, No. 3:18CR101, 2018 WL 5043733, at *2 (M.D. Pa. Oct. 17, 2018).  Here, we calculated a guidelines range between 70 and 81 months' imprisonment, and ultimately imposed a sentence of 70 months.  (Doc. 86).  The government's 32-year statutory maximum argument overstates the seriousness of the offense.  We believe that a sentence of 70 months is not sufficiently serious to warrant dismissing the claim without prejudice.  The first factor weighs in favor of the defendant.

## II. The Facts and Circumstances of the Case which Led to the Dismissal

The next factor we must consider involves the facts and circumstances that led to the dismissal.  The government argues that they are blameless for the delays that caused the violation.  We disagree.  "[D]istrict courts . . . look to prosecutors for assistance as officers of the court . . . [and they should] be alert to [speedy trial act] calculations in order to aid the court in its enforcement of the [speedy trial act]."  United States v. Ramirez, 973 F.2d 36, 39 (1st Cir. 1992); see also United States v. Bert, 814 F.3d 84 (2d Cir. 2016).  Courts have dismissed indictments with prejudice where the government failed to notify the court that the speedy trial deadline was approaching or had passed. United States v. Moss,

217 F.3d 426, 431 (6th Cir. 2000); see also United States v. Rivas, 782 F. Supp. 686, 687 (D. Me. 1992).

Here, the transcripts from the November 10, 2016, conference indicates that all parties, the government and the defendant, acquiesced to the continuance that rescheduled the trial from December 5, 2016 to February 22, 2017. (Docs. 29, 34). Although the court is partially responsible for the violation, the government remained completely silent to the fact that a Speedy Trial Act violation was likely to occur. The second factor therefore weighs in favor of dismissing the indictment with prejudice.

**III.     Impact of Re-prosecution on the Administration of Justice**

The third and final factor is the impact of re-prosecution on the administration of justice. The defendant argues that the third factor weighs in his favor. We agree. One of the "main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay . . . ." United States v. Stevenson, 832 F.3d 412, 422 (3d Cir. 2016) (quoting United States v. Howard, 218 F.3d 556, 562 (6th Cir. 2000)). Prejudice includes both trial and non-trial prejudice. Bert, 814 F.3d at 82; see also Moss, 217 F.3d at 431-32.

The Supreme Court has noted that:

> Inordinate delay between public charge and trial, wholly aside from possible prejudice to a defense on the merits, may seriously interfere with the defendant's liberty, whether he is free on bail or not, and may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.

Taylor, 487 U.S. at 340-41.

Here, the defendant has submitted numerous job applications and attended multiple job interviews without success that he directly attributes to the delay. (Doc. 113). Defendant Reese's inability to obtain a job has drained his financial resources and caused him severe anxiety, depression, and high blood pressure. (Id.); see also Taylor, 487 U.S. at 340-41. Additionally, the defendant has already served two years in prison, which is more than one-third of the total sentence previously imposed in this case. (Doc. 113). As a result, Defendant Reese has "already paid a significant debt to society" and re-prosecution would undermine the administration of justice. United States v. Clymer, 25 F.3d 824, 833 (9th Cir. 1994) (dismissing with prejudice where the defendant already served one-quarter of his sentence). As discussed in Section 1, because the defendant's crime is non-violent and posed no danger to the community, the impact of re-prosecution is de minimis. The defendant's "non-trial" related circumstances weigh in favor of dismissing the case with prejudice.

**Conclusion**

A review of all the factors indicates that the dismissal of this case should be with prejudice. Accordingly, for the reasons stated above, the defendant's motion to dismiss the indictment with prejudice will be granted. An appropriate order follows.

**Date: July 19, 2019**                    **BY THE COURT:**


                                            **s/ James M. Munley**
                                            **JUDGE JAMES M. MUNLEY**
                                            **United States District Court**